Filed 5/19/22  P. v. Lebron CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G057512 |
| v. | (Super. Ct. No. 12CF0360) |
| DOMINIC LOUIS LEBRON | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger.  Affirmed.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Stephanie H. Chow, Deputy Attorney General, for Plaintiff and Respondent.

We appointed counsel to represent Dominic Louis Lebron on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on Lebron's behalf.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When the appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.)

Pursuant to *Anders v. California* (1967) 386 U.S. 738, to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised the following two issues: (1) did the trial court err by failing to appoint counsel to represent Lebron pursuant to Penal Code section 1170.95, subdivision (c) (all further statutory references are to the Penal Code)?; and (2) did the court err by denying the petition for resentencing pursuant to section 1170.95 because Lebron was convicted of felony murder or murder under a natural and probable consequences theory?

We gave Lebron 30 days to file written argument on his own behalf. Thirty days passed, and Lebron did not file any written argument.

Upon our independent review of the record, we identified an issue that may, if resolved favorably to Lebron, result in reversal of the judgment. Section 1170.95, subdivision (c), states, in relevant part, "If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." Here, Lebron requested counsel, but the court failed to appoint counsel. We invited the parties to file supplemental letter briefs on whether the trial court erred by failing to appoint counsel after Lebron requested

2

the court appoint counsel for him during the resentencing process. The parties filed briefing.

We filed an opinion affirming the trial court's denial of Lebron's petition. After our Supreme Court granted review and held the matter, the court transferred the matter with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551) (SB 775). We invited the parties to file supplemental briefs on the effect of SB 775 on this appeal, and they did.

Although the trial court erred by failing to appoint Lebron counsel, a point the Attorney General concedes, the error was harmless. We affirm the postjudgment order.

FACTS

An information charged Lebron, Franco Viera, and Sean Vernon Struck with willful, deliberate, and premeditated attempted murder (§§ 664, subd. (a), 187, subd. (a)) (count 1); assault with a deadly weapon (§ 245, subd. (a)(1)) (count 2); and street terrorism (§ 186.22, subd. (a)) (count 3). The information alleged they committed counts 1 and 2 for the benefit of a criminal street gang (§ 186.22, subd. (b)). It further alleged Lebron suffered a prior serious and violent felony (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)), and a serious felony (§ 667, subd. (a)(1)).

In June 2014, Lebron pleaded guilty to all counts and admitted the enhancements and his prior conviction. Lebron offered the following factual basis for his pleas and admissions: "On [February 6, 2012,] I did willfully unlawfully and knowingly aid and abet . . . Struck to take a direct but ineffectual step toward killing John Doe. When I did so it was with premeditation and deliberation with the specific intent to kill John Doe. I also aided and abetted . . . Struck to use a knife to stab John Doe. I did so knowing this would cause serious injury to him. When I committed the above acts I was an active participant of the Pearl Street gang. I know its members engaged in a pattern of

criminal activity and I willfully assisted and promoted criminal conduct by Pearl Street gang members. I committed the above crimes for the benefit of and in association with the Pearl Street gang with the intent to promote and further criminal conduct by Pearl Street gang members. Pearl Street gang is an ongoing organization with a common sign or symbol with [three] or more members. I know that Pearl Street gang members engage in a pattern of criminal gang activity including attempted murder, robbery assaults with deadly weapons and illegal possession of firearms by felons and or gang members. I also know that these crimes are some of the primary activities of the Pearl Street gang."

In July 2014, pursuant to a plea agreement with the court and over the prosecution's objection, the trial court ordered stricken for sentencing purposes the section 664, subdivision (a), and 186.22, subdivision (b)(1), allegations. Citing Lebron's young age and lack of lengthy criminal history, the court ordered the enhancement stricken in the interests of justice. The court sentenced Lebron to the low term of five years on count 1 and five years on the serious felony enhancement for a total prison term of 10 years. The court imposed concurrent terms on counts 2 and 3.

In early 2019, pursuant to the Legislature's amendments to the Penal Code in Senate Bill No. 1437 (SB 1437), Lebron filed a petition for resentencing pursuant to section 1170.95. In the petition Lebron indicated, "I request that this court appoint counsel for me during this re-sentencing process."

The trial court did not appoint counsel and denied the petition. The court found Lebron had not made a prima facie case for relief. The minute order reflecting the court's ruling appears to be a standardized minute order that includes two different bases for denial. The minute order stated the following: "The petition does not set forth a prima facie case for relief under the statute. A review of court records indicates [Lebron] is not eligible for relief under the statute because [Lebron] does not stand convicted of murder or [Lebron's] murder conviction(s) is not based on felony-murder or on a natural

4

and probable consequences theory of vicarious liability for aiders and abettors." Lebron filed a timely notice of appeal.

This court affirmed the denial of Lebron's petition because at the time attempted murder was not an eligible offense for relief under section 1170.95. (*People v. Lebron* (Nov. 26, 2019, G057512) [nonpub. opn.].) After our Supreme Court granted review and held the matter,[1] it transferred the case back to this court to vacate our prior decision and determine whether Lebron is entitled to relief pursuant to SB 775.

DISCUSSION

SB 1437 amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be imposed on a person who was not the actual killer, who did not act with the intent to kill, or who was not a major participant in the underlying felony who acted with reckless indifference to human life. (*Lewis, supra,* 11 Cal.5th at p. 959.) SB 1437 also added section 1170.95 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (§ 1170.95, subd. (a).)

SB 775, effective January 1, 2022, amended section 1170.95, subdivision (a), to expand the individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief.

---

[1] *People v. Lebron* (Nov. 26, 2019, G057512) [nonpub. opn.], review granted February 11, 2020, S259431.

A section 1170.95 petition is required to include: "(A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [And] [¶] (C) [w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) "[U]pon the filing of a facially sufficient petition," the statute "requir[es] that counsel be appointed. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 970.) "[T]hen the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).)" (*Lewis, supra,* 11 Cal.5th at p. 960.)

Although the trial court may not engage in judicial factfinding or make credibility decisions prior to issuing an order to show cause, under *Lewis, supra,* 11 Cal.5th at page 971, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." The *Lewis* court also held a trial court's failure to appoint counsel to represent a petitioner when assessing whether he or she has made a prima facie showing of entitlement to relief pursuant to section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra,* 11 Cal.5th at pp. 957, 973-974.) Specifically, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id*. at p. 974.)

We conclude the trial court's error in failing to appoint counsel and provide an opportunity for briefing before considering the record of conviction and summarily denying the petition is harmless. The record of conviction shows Lebron is legally ineligible for relief. In his guilty plea, Lebron stated the following: "I did willfully

unlawfully and knowingly aid and abet . . . Struck to take a direct but ineffectual step toward killing John Doe. When I did so it was with premeditation and deliberation with the specific intent to kill John Doe." In other words, Lebron admitted he was a direct aider and abettor acting with the intent to kill. Thus, Lebron's conviction satisfies the requirements of section 1170.95 as amended. It is not reasonably probable that even with the appointment of counsel and further briefing, Lebron would have obtained a different result with his section 1170.95 petition. (*Lewis, supra,* 11 Cal.5th at p. 975.)

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7